

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00155-CR
_____

DAMUS BACON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35279-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Damus Bacon waived his right to a jury trial, pled guilty to sexual assault, *see* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2007), and submitted the issue of punishment to the trial court's discretion without the benefit of a negotiated plea agreement. The State had previously filed its written notice of intent to introduce evidence of other crimes, wrongs, or bad acts during the punishment phase of Bacon's trial. The State introduced such evidence at the punishment trial and this same evidence was included in the presentence investigation (PSI) report submitted to the trial court, which ultimately sentenced Bacon to eighteen years' confinement. Bacon now appeals, contending in a single point of error that the trial court erred by admitting and considering, during the punishment phase of the trial, evidence that Bacon had committed extraneous criminal offenses that were not charged in the indictment to which he had pled guilty and was then being sentenced.

Bacon asserts the trial court's consideration of this extraneous-offense evidence violates his Sixth Amendment right "to have a jury find the existence of 'any particular fact' that the law makes essential to his punishment" and cites *Blakely v. Washington*, 542 U.S. 296, 301 (2004). We first note that Bacon has not challenged the sufficiency of the evidence about his extraneous conduct; rather, he only challenges the trial court's decision to admit and consider such conduct within the context of assessing punishment. Nevertheless, Bacon's point of error ignores the fact that he voluntarily and knowingly waived his Sixth Amendment right to a jury trial on both the guilt/innocence and punishment phases in this case. He also made no objection to the trial court's

2

consideration of the PSI report that contained much of the extraneous-offense evidence which now forms the basis of his appellate complaint. Therefore, his failure to object to the at-issue evidence at the earliest point of its admission means this issue has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a). Additionally, Bacon's insistence on the application of *Blakely* to the procedural posture of this case is entirely inappropriate because he voluntarily waived his right to have a jury determine his punishment in this case.

Moreover, as the State correctly notes in its appellate brief, our law expressly permits a trial court to admit evidence offered by either the State or the defendant

> as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act . . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp. 2007).

In pronouncing its sentence, the trial court made several comments about the extraneous-offense evidence brought forth. The trial court's comments suggest the court found the evidence of the at-issue extraneous offense(s) to have been proven beyond a reasonable doubt. Such a sufficiency finding was inherently necessary before the trial court could consider such acts in assessing Bacon's punishment. *See id.* (requiring finding that act committed beyond a reasonable doubt). Since Bacon does not now challenge that underlying finding, since our law expressly permits

3

the trial court's consideration of such evidence, and since *Blakely* is entirely inapplicable to the procedural and factual posture of this case, we find no merit in Bacon's sole point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     April 2, 2008
Date Decided:       April 3, 2008

Do Not Publish